Maggie L. Clarke, appellant, has petitioned for rehearing on a point properly before us but inadvertently overlooked by the decision. It was not touched by appellant's main brief and has bare mention in her reply brief, but has been fully argued for respondent.
The point is that the decision below surcharged appellant, as trustee, not only with the principal sums in question but also with interest thereon. That, we must hold, is error, for appellant herself is the beneficiary and herself entitled to the interest as income.
Of course a trustee who appropriates to himself property which belongs to the trust will be charged accordingly. The charge against him ordinarily will include interest. Not so, however, where the trustee happens also to be life tenant and as such entitled to all sums paid in as interest. It is for that reason that St. Paul Trust Co. v. Strong, 85 Minn. 1,88 N.W. 256, and the other cases cited by respondent on this point, including Smith v. Tolversen, 190 Minn. 410,252 N.W. 423, are distinguishable. In none of them was the trustee, charged or chargeable with interest, also and concurrently the life tenant entitled to the interest as collected.
It follows that our former decision and order herein must be qualified and amended to this extent. Instead of being affirmed as it stands, the order will be modified to the extent of striking therefrom the provision for charging interest against appellant trustee. With such modification, the order should be affirmed.
So ordered. *Page 585